Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8253 | **DATE** | 7/28/2004 |
| **CASE TITLE** | Monarch Life Ins Co vs. Nicholas J. Broches | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendant's motion to dismiss for lack of subject matter jurisdiction [$-1]. This case is hereby terminated. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 2 9 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 12 |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | | date mailed notice | |
| yp | | Date/time received in central Clerk's Office | mailing deputy initials | |

MONARCH LIFE INSURANCE )
COMPANY, )
)
    Plaintiff, )
) Judge Ronald A. Guzmán
v. )
) 03 C 8253
NICHOLAS J. BROCHES, )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

In this diversity case, Plaintiff Monarch Life Insurance Co. has sued Defendant Nicholas Broches requesting a declaratory judgment that Monarch is not obligated to pay Broches benefits under his disability insurance policy because he is not totally disabled and did not provide timely written notice of his claim and an order of restitution for all payments made to Broches. Before the Court is Broches' motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). For the reasons provided in this Memorandum Opinion and Order, the Court grants the motion and terminates this case.

## FACTS

Monarch Life Insurance Co. ("Monarch") is a Massachusetts corporation, with its principal place of business in Springfield, Massachusetts. (Compl. ¶ 1.) Monarch is authorized to do business in Illinois. (*Id.*) Broches is an Illinois resident. (*Id.* ¶ 2.) The jurisdictional basis for this claim is 28 U.S.C. § 1332. (*Id.* ¶ 3.)

Monarch issued Disability Income Policy No. 2055466 ("Policy") providing "benefits for total disability" to Broches on April 25, 1991. (*Id.* ¶¶ 4-5.) The policy provides a total benefit of $3,000 per month, with the first benefit day as the sixty-first day of total disability. (*Id.* ¶¶ 7, 9.) The policy provides:

> For each continuous period of total disability that starts while this policy is in force, we will pay you a benefit. The total disability must continue through the First Benefit Day shown in the policy schedule. Starting with the First Benefit Day we will pay the benefit for as long as your disability continues. But we will not pay benefits for a period longer than the Maximum Benefit Period shown in the policy schedule.

(*Id.* ¶ 8.) Under the policy, the Maximum Benefit Period extends until Broches turns 65, but the benefit period may not be less than 24 months. (Pl.'s Ex. A. Policy Schedule at 1.) Broches is fifty years old. (*Id.*)

The conditions required for the insured to be considered "totally disabled" as set forth in the policy are: the insured is unable to do the substantial and material duties of his regular occupation; the insured's total disability starts while the policy is in force; the insured's total disability results from sickness or injury; and the insured is receiving medical care from a doctor which is appropriate for the injury or sickness. (Compl. ¶ 6.) The policy defines regular occupation as the usual work of the insured when the total disability starts. (*Id.*)

Additionally, the policy requires as a condition precedent to the receipt of benefits that the insured provide "written notice of claim within 20 days after any covered loss starts or as soon as reasonably possible." (*Id.* ¶ 10.) Further, the policy requires written proof of the loss within ninety days of each disability the insurer is liable for under the policy. (*Id.* ¶ 11.)

2

On November 11, 2002, Broches was involved in a car accident. (*Id.* ¶ 12.) Broches made a claim for benefits under the policy on March 10, 2003. (*Id.* ¶ 13.) He claimed he was disabled since the date of his accident. (*Id.*)

Broches alleges during the accident he hit his head on the windshield of his car and has experienced dizziness and headaches as a result of the impact. (*Id.* ¶ 14.) Broches asserts that the dizziness and headaches have kept him from performing his regular occupation. (*Id.* ¶ 15.)

After investigating Broches' claim, Monarch has argued that he does not meet the definition of "totally disabled" as established under the policy. (*Id.* ¶ 16.) However, Monarch has paid Broches $30,000.00 in disability benefits and plans to continue to pay him a monthly benefit until the Court determines Monarch's liability to Broches. (*Id.* ¶ 16.)

In Counts I and II of the Complaint, Monarch asks the Court to enter a declaration that: (1) Broches is not "totally disabled" within the terms of the policy; (2) Broches did not give Monarch timely written notice of his claim for disability under the terms of the policy; and (3) that Monarch does not owe Broches any benefits. Count III seeks restitution in the amount of $30,000 that has already been paid to Broches and "any additional future amounts paid to Mr. Broches" until a determination as to Monarch's liability is made by the Court.

## **DISCUSSION**

When moving to dismiss pursuant to Rule 12(b)(1), a defendant may opt for a facial attack, *i.e.*, a challenge of the court's subject matter jurisdiction based on the

sufficiency of the complaint's allegations, or a factual attack, *i.e.*, a challenge of the factual basis for the court's subject matter jurisdiction. *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993). If a defendant makes a facial attack, which, in the instant case it does, the "allegations are taken as true and construed in a light most favorable to the complainant." *See id.*

The burden of proof in establishing jurisdiction lies with the party asserting federal jurisdiction. *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). In establishing diversity jurisdiction, 28 U.S.C. § 1332 provides: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States[.]" The amount in controversy must exceed the jurisdictional amount required by 28 U.S.C. § 1332 at the time the complaint is filed. *Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1216 (7th Cir. 1990).

Plaintiff has, in its Complaint, placed the $30,000 already paid to Defendant at issue. Because $30,000 is insufficient to satisfy federal diversity jurisdiction, Plaintiff must also rely on future monthly payments to reach the jurisdictional amount.

Unfortunately for Plaintiff, *Keck v. Fidelity & Casualty Co. of New York* is dispositive of the issue of whether diversity jurisdiction exists in this case. 359 F.2d 840, 841 (7th Cir. 1966). In *Keck*, an insured sued his insurer for a declaratory judgment that the insured was and would continue to be totally disabled and that the total and permanent disability provisions would be in effect for the entire period of disability. *Id.* at 840-41. The *Keck* court held that because neither the insured or the insurer had placed

4

the validity of the policy at issue and the insured's condition could change at any time, it was impossible to state the existence of a controversy except regarding the disability payments that had already accrued at the time of the filing of the complaint. *Id.* at 841-42. The court explained: "Future benefits payable under a contract of insurance may be used to compute the sum in controversy for jurisdictional purposes only when the validity of the insurance policy itself, and not merely the presence or absence of conditions measuring the insurer's liability thereunder, is the matter in dispute." *Id.* at 841.

The present case is indistinguishable from *Keck*. As in *Keck*, neither party disputes the validity of the policy, and Plaintiff merely argues the absence of two conditions precedent, lack of timely written notice of the claim and absence of total disability, that would trigger Plaintiff's obligation to pay under the policy. *See Feliberty v. Unumprovident Corp.*, No. 03 C 7569, 2003 WL 22991859, at *3 (N.D. Ill. Dec. 16, 2003) (holding future payments could not be used to establish jurisdictional minimum where claim centered on conditions of coverage rather than validity of underlying insurance policy). Similar to the insured in *Keck*, Broches' condition could change at any time, and thus, it is impossible to state with any accuracy whether a controversy exists except with regard to the $30,000 in disability payments that had already accrued at the time of the filing of the instant complaint. Thus, future benefits payable under Broches' disability insurance policy, *i.e.*, any payments made after the filing of the complaint, may not be used to compute the sum in controversy for jurisdictional purposes. Further, Plaintiff relies on cases that do not address the issue of whether a dispute solely as to conditions precedent is sufficient to allow the computation of future benefits. Accordingly, the Court finds such cases unpersuasive and irrelevant.

In sum, Plaintiff has failed to establish to a reasonable certainty that this cases satisfies the jurisdictional minimum. Thus, the Court dismisses this case for want of jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to dismiss for lack of subject matter jurisdiction [doc. no. 10-1]. This case is hereby terminated.

**SO ORDERED**          **ENTERED:**

7/28/04

**HON. RONALD A. GUZMAN**
**United States Judge**